# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**DARIN EDWARD BRYAN,**

    **Plaintiff,**

  v.

                                          Case No. 3:08-cv-432-J16-MCR

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
_____/

## **O R D E R**

**THIS MATTER** is before the court on Plaintiff's Application for Attorney's Fees (Doc. 26, the "Application"). The Commissioner failed to file a response; however, Plaintiff's counsel informs the Court that the Commissioner does not oppose the amount requested. Upon review of the Application and accompanying Affidavit of Attorney's Time (Doc. 26-2), the Court finds that Plaintiff shall be awarded **$2,464.36** in attorney's fees. This amount is to be paid pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## **I.**

Plaintiff filed an application for Social Security disability benefits and supplemental security income, which was denied initially and upon reconsideration. The ALJ conducted a hearing and denied benefits, and the Appeals Council denied review. Subsequently, Plaintiff filed this action seeking judicial review. On January 15, 2009, the Commissioner

filed a Motion to Vacate and Entry of Judgment Under Sentence Four (Doc. 23, the "Motion to Vacate"). On January 16, 2009, United States Magistrate Judge Monte C. Richardson entered an Order granting the Motion to Vacate (Doc. 24). On January 20, 2009, the Clerk entered a Final Judgment (Doc. 25). Plaintiff is the prevailing party in this case. As such, Plaintiff seeks to recover $2,566.07 in EAJA attorney's fees for the 14.9 hours expended in this case.

**II.**

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Three conditions must be established before an award under the EAJA is appropriate. First, the claimant must file a timely application for fees. This requires the fee application to be filed within thirty (30) days of the final judgment. Second, the claimant must qualify as the prevailing party. Third, the government's positions must not be "substantially justified" and no other special circumstances exist to make an award unjust. Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990).

The first requirement, that the fee application be filed within thirty (30) days of the final judgment, is jurisdictional in nature. See 23 U.S.C. § 2412(d)(1)(B); Myers, 916 F.2d at 666 (citing Haitian Refugee Ctr. v. Meese, 791 F.2d 1489, 1494 (11th Cir.), *vacated in*

*part on other grounds on reh'g*, 804 F.2d 1573 (11th Cir. 1986)). A "final judgment" is one that is no longer appealable. See 28 U.S.C. § 2412(d)(2)(G); Melkonyan v. Sullivan, 501 U.S. 89 (1991). Because a judgment is no longer appealable sixty (60) days after entry of judgment in Social Security actions, a plaintiff has ninety (90) days from the date of entry of judgment in which to file for EAJA fees. See Fed. R. App. P. 4(a); Myers, 916 F.2d at 672. Here, judgment is final and Plaintiff's motion for fees is ripe for consideration.

In a Social Security action, a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A). Shalala v. Schaefer, 509 U.S. 292 (1993). Because this court remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff, under Schaefer, is the prevailing party. Furthermore, upon consideration, the government's position was not substantially justified in this case, and the Commissioner does not contend otherwise. Therefore, an award of fees under the EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate. Andrews v. United States, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate."). The EAJA provides:

> the amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412(d)(2)(A); see also Meyer v. Sullivan, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation.").

Here, Plaintiff seeks a fee of $2,566.07 (based on 13.6 hours worked in 2008 at the enhanced hourly rate of $171.77 ($2,336.07) and the 1.3 hours expended in 2009 at the enhanced hourly rate of $176.92 ($230.00)). Plaintiff arrived at the "enhanced" hourly rates listed above by calculating the cost of living increases from the 1996 EAJA amendments. To reach the total fee requested, Plaintiff's counsel simply multiplied the enhanced hourly rates by the time he spent working on this case.

Magistrate Thomas G. Wilson recently reviewed the fees issue in Coffman v. Astrue, 8:07-cv-1416-T-TGW and Gonzalez v. Astrue, 8:07-cv-1704-T-TGW (collectively, the "Fee Orders"). In the Fee Orders, Magistrate Wilson concluded the hourly rate in Social Security cases should be capped at $165.00 an hour for 2008 and $169.51 an hour in 2009. Magistrate Wilson found it was clearly unreasonable for an attorney in a Social Security case to be compensated at a rate in excess of the maximum rate for criminal defense lawyers in capital cases. See Coffman at p. 4; see also Gonzalez at p. 4.

The Court agrees with Magistrate Wilson's conclusion in the Fee Orders. Applying the capped hourly rates to this case results in a total award of EAJA fees in the amount of **$2,464.36** ($2244.00 for 13.6 hours worked in 2008 and $220.36 for 1.3 hours worked in 2009).

**III.**

Accordingly, Plaintiff's Application for Attorney's Fees (Doc. 26) is **GRANTED** to the extent provided herein. Plaintiff is awarded attorney's fees in the amount of **$2,464.36**. The Commissioner's remittance of this amount shall be made payable to Plaintiff.[1]

**DONE** and **ORDERED** from Chambers in Jacksonville, Florida, this 19th day of May 2009.

JOHN H. MOORE II
United States District Judge

Copies to: Counsel of Record

---

[1] In a recent opinion, the Eleventh Circuit held that under the EAJA, attorney fees are awarded to the prevailing party, not to the prevailing party's attorney. Reeves v. Astrue, 562 F.3d 732, 738 (11th Cir. 2008). In this case, Plaintiff's counsel failed to present any documentation of a written agreement with his client allowing for payment of EAJA fees directly to the attorney.