UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARIN EDWARD BRYAN,

        Plaintiff,

vs.                               Case No.  3:08-cv-432-J-34MCR

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

        Defendant.
_____/

## REPORT AND RECOMMENDATION[2]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the 42 U.S.C. § 406(b) filed September 14, 2012 (Doc. 31).  On September 28, 2012, Defendant filed a Response in Opposition to Plaintiff's Motion (Doc. 33). Plaintiff filed a Reply to Defendant's Response on October 4, 2012 (Doc. 34). Accordingly, this matter is now ripe for judicial review.[3]

---

    [1]     Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    [2]     Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

    [3]     This matter was referred to the undersigned on June 26, 2013.

I.      **BACKGROUND**

On April 24, 2008 and December 30, 2009, Plaintiff and his counsel entered into a contingency fee agreement whereby Plaintiff agreed to pay counsel a fee of twenty-five percent of the total amount of past-due benefits ultimately awarded less any administrative (42 U.S.C. § 406(a)) and EAJA (28 U.S.C. § 2412) fees paid.  (Doc. 31-B).  On January 20, 2009, a judgment was entered reversing and remanding this case to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 25).  Upon remand, Plaintiff was awarded $94,311.00 in past due benefits.  Twenty-five percent of that amount, or $23,577.75, was held in escrow for payment of attorney's fees, and the remainder was disbursed to Plaintiff.  (Doc. 31-A).

Plaintiff's counsel now seeks an award of $15,113.39 ($23,577.75 minus $6,000.00 already paid in 406(a) fees[4] and $2,464.36 paid in EAJA fees[5]) pursuant to section 406(b) of the Social Security Act and the contingency fee agreement.  (Docs. 31, 34).  The Commissioner agrees that Plaintiff's counsel is entitled to attorney's fees

---

[4] Plaintiff's counsel states that he received $6,000 in 42 U.S.C. § 406(a) fees for his representation of Plaintiff in the underlying administrative proceedings.  Plaintiff's counsel's total recovery between § 406(a) for work at the administrative level and § 406(b) for work before the courts cannot exceed 25% of the total amount of Plaintiff's past-due benefits.  See Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970); Jackson v. Comm'r of Soc. Sec., No. 6:07-CV-01432-KRS, at *6-7 (M.D. Fla. Nov. 18, 2010).

[5] Plaintiff's counsel received Equal Access to Justice Act ("EAJA") fees in the amount of $2,464.36.  As Plaintiff's counsel has already acknowledged and deducted as a net fee, the "Savings Clause" of the EAJA mandates that he return the lesser of the two fees (406(b) or EAJA) to Plaintiff.

pursuant to section 406(b), but opposes the amount requested, asserting it is unreasonable and would constitute a windfall. (Doc. 33).

## II.  ANALYSIS

Section 406(b) provides, in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. See 42 U.S.C. § 406(b)(2). Accordingly, to receive a fee under this statute, an attorney must seek approval of the proposed fee, even if there is a fee agreement between the attorney and the client. In Bergen v. Commissioner of Social Security, 454 F.3d 1273, 1277 (11th Cir. 2006), the Eleventh Circuit held that Section 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Id. Because Plaintiff was awarded past-due benefits following remand, the Court may award attorney's fees under § 406(b).

To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not *per se* reasonable." McGuire v. Sullivan, 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be a windfall to the attorney." Wells, 907 F.2d at 372; McGuire, 873 F.2d at 981. Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." Gisbrecht, 122 S.Ct. at 1828 n. 17.

Having reviewed the record and considered the relevant factors, the Court finds Plaintiff's counsel has not shown the requested fee is reasonable. The award sought is large in relation to the services rendered.[6] While the Court in no way intends to disparage the abilities or experience of Plaintiff's representative, an examination of counsel's work product herein is not novel or complex, and only modest lawyering skills

---

[6] Indeed, Plaintiff's Memorandum in Opposition to Commissioner's Decision was six pages in length and contained only one issue. (Doc. 17). The Commissioner agreed to the Entry of Judgment with Remand. (Doc. 23).

were necessary. Cf. Ugorek v. Astrue, 2008 WL 169737, at *5 (M.D. Fla. 2008) (considering complexity "[i]n accordance with Gisbrecht"); Alfaro v. Astrue, 2008 WL 816942, at *5 (M.D. Fla. 2008) (considering complexity of legal services when evaluating reasonableness of the requested fee).

As it does not appear Plaintiff's counsel was responsible for excessive delay or that the contingency fee agreement involved fraud or overreaching in its making, the fee award need not be restricted on that basis. However, given all the circumstances, granting fees in the amount requested would result in a windfall and would be unreasonable in relation to the services rendered. Plaintiff's counsel has provided no evidence to establish that a base rate of $1,014.32 per hour is reasonable.[7] In this Court's experience, a reasonable hourly rate in federal Social Security cases is closer to $300.00 - $350.00. Thus, using a rate of $350.00 per hour, multiplied by 2.5 to account for the contingent nature of the representation, would result in a fee of $13,037.50. See Ugorek, 2008 WL 169737; Alfaro, 2008 WL 816942. While the Court appreciates the willingness of attorneys to represent those in need on a contingent basis, and although it is mindful of the long delays in payment sometimes encountered in such situations, under the circumstances presented in this case a fee of $13,037.50 would be reasonable.

## III. CONCLUSION

Accordingly, after due consideration, it is respectfully

---

[7] According to Plaintiff's fee petition, he spend 14.9 hours representing Plaintiff. If Plaintiff's counsel receives $15,113.39, the hourly rate would amount to approximately $1,014.32 per hour.

**RECOMMENDED:**

1. Plaintiff's Motion for Attorney's Fees Pursuant to the 42 U.S.C. § 406(b) be **GRANTED in part and DENIED in part**.

2. Plaintiff's Motion be granted to the extent counsel for Plaintiff may receive $13,037.50, less any administrative and EAJA fees paid.

3. In all other aspects, Plaintiff's Motion be denied.

**DONE AND ENTERED** in Jacksonville, Florida this  1st  day of July, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record