UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARIN EDWARD BRYAN,

                Plaintiff,

vs.                                    Case No.   3:08-cv-432-J-34MCR

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 36; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on July 1, 2013.  In the Report, Magistrate Judge Richardson recommends that the Court grant in part, and deny in part, the Motion for Approval of Undersigned Counsel's Contingency Fee Contract With Plaintiff Bryan (Dkt. No. 31; Motion) filed by Plaintiff's counsel on September 14, 2012.  See Report at 6.  Specifically, the Magistrate Judge recommends that the Court grant the Motion to the extent that counsel for Plaintiff, N. Albert Bacharach, Jr., Esquire (Counsel), receive $13,037.50, less administrative and EAJA fees paid, and that in all other aspects the Motion be denied.  See id.  Plaintiff's counsel filed objections to the Report and requested oral argument.  See Objections to Magistrate Judge's Report and Recommendation (Doc 36) and Request for Oral Argument (Dkt. No. 37; Objections).  Defendant filed a response to the Objections.  See Commissioner's Response to Plaintiff's Objections to Magistrate Judge's Report and Recommendation and

Request for Oral Argument (Dkt. No. 38; Response).  Upon review, the Court determines that oral argument would not be of assistance, and the matter is now ripe for review.

### I.    Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn,  993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).  The Court has conducted an independent review of this matter, and for the reasons set forth below, the Court will sustain one of Counsel's objections, and overrule the remainder.

### II.    Magistrate Judge's Findings

In the Motion, pursuant to a contingency fee contract with Plaintiff, Counsel seeks to recover $15,113.39 in attorney's fees.  See Motion at 1.  This sum represents twenty-five percent of the $94,311.00 in past-due benefits awarded to Plaintiff ($23,577.75), less $6,000.00 paid in administrative fees under 42 U.S.C. § 406(a), and less $2,464.36 paid in EAJA fees pursuant to 28 U.S.C. § 2412.  See id.

The Magistrate Judge found that Counsel did not meet his burden to show that the requested fee was reasonable in that "the award sought is large in relation to the services rendered."  Report at 4.  In doing so, the Magistrate Judge concluded that a $15,113.39 fee

in the circumstances of this case would constitute a windfall to the attorney and be unreasonable in relation to the services rendered for the following reasons: 1) Counsel drafted a six-page memorandum raising a single error in the ALJ's decision prompting the Commissioner to agree that the case should be remanded; 2) the overall work required to resolve the case was not novel or complex, requiring only modest lawyering skills; and 3) Counsel spent a total of 14.9 hours representing Plaintiff in this Court, which would amount to an effective hourly rate of $1,014.32 for his services.  See id. at 4-5.

Relying on his experience, the Magistrate Judge determined that "a reasonable hourly rate in federal Social Security cases is closer to $300.00 - $350.00." Id. at 5.  Multiplying the high end of that range, $350.00, by 2.5 to account for the contingent nature of the representation (contingency multiplier), the Magistrate Judge arrived at an approximate hourly rate of $875.00 per hour.  Using that rate for the 14.9 hours worked by Counsel, the Magistrate Judge recommended award of a fee of $13,037.50, "less administrative and EAJA fees paid." See Report at 5-6.

### III.    Objections to the Report

Counsel raises three objections[1] to the Magistrate Judge's findings and recommendations concerning the calculation of the fee award: 1) $350.00 is not a reasonable hourly rate and the Court erred in not utilizing the Laffey Matrix to determine the reasonable hourly rate based on Counsel's years of experience; 2); the requested fee will not result in a windfall to Counsel and is not unreasonable under the circumstances; and 3)

---

[1]    Counsel does not delineate specific objections, so the Court has attempted to identify and categorize the issues he raises. See generally Objections.

the $6,000.00 in administrative fees paid to him pursuant to 406(a) should not be deducted

from the final 406(b) award.  Objections at 2-6.  The Court addresses each objection in turn,

and will overrule the first two objections, but sustain the third.

### IV.   Discussion and Analysis

Counsel contends that $350.00 per hour is not a reasonable hourly rate in federal

Social Security cases.  He urges that utilizing the Laffey Matrix, his reasonable hourly rate

should be, at a minimum, $505.00 per hour, and as much as $753.00 per hour, because he

has been practicing law for thirty-seven years.[2]  Objections at 2.  However, courts in the

Middle District of Florida have declined to adopt the Laffey Matrix as reliable evidence of a

reasonable hourly rate.  See Raimondi v. Zakheim & Lavrar, P.A., No. 6:11-cv-480, 2012

WL 1382255 at *6 (M.D. Fla. Apr. 5, 2012); Cook v. Law Offices of Forster & Garbus, No.

6:10-cv-934, 2010 WL 4941439 at *3 (M.D. Fla. Nov. 3, 2010).  As one court explained,

"[t]he Laffey Matrix 'reflects rates for civil attorneys trying federal cases across the United

States rather than the prevailing market rates in the relevant community – Florida.'"  Cook,

2010 WL 4941439 at *3.  Moreover, the Eleventh Circuit has long held that the Court itself

is an expert on reasonable fees.  See Norman v. Hous. Auth. of Montgomery, 836 F.2d

1292, 1303 (11th Cir. 1988).

---

[2]      Counsel also argues that applying the contingency multiplier of 2.5 to the $505.00 hourly rate
and then multiplying by the 14.9 hours he worked results in a fee of $15,049.00, demonstrating that his
requested fee of $15,111.39 is reasonable.  See Objections at 2.  Counsel miscalculates, however.  The
resulting amount utilizing the $505.00 hourly rate is $18,811.25.  The Court also observes that applying the
$753.00 hourly rate Counsel claims he would command pursuant the Laffey Matrix, the resulting fee would be
$28,049.25, a fee substantially greater than the maximum fee authorized by law that the Commissioner has
set aside in escrow.  Such results further demonstrate that the Magistrate Judge did not err in failing to use
the Laffey Matrix in setting a reasonable hourly rate.

Upon review of the record, the Court concurs with the Magistrate Judge that the effective hourly rate of $1,014.32 resulting from Counsel's request to be paid the entire twenty-five percent of Plaintiff's past due benefits for his work in this case is unreasonable in relation to the services rendered. Defendant has not objected to the $350.00 per hour rate, or to the 2.5 contingency multiplier, and has adopted the findings in the Report in responding to the Objections. See Response at 2. If Defendant had objected to the recommended award, the Court would have been inclined to further analyze whether $350.00 per hour is a reasonable rate for federal Social Security cases. However, under the circumstances, absent an objection from Defendant, the Court will overrule Counsel's objection, and adopt the $350.00 per hour fee, with the 2.5 contingency multiplier, as establishing a reasonable effective hourly rate for Counsel's work in this case which sufficiently accounts for the contingent nature of the representation.[3] The Court thus will overrule Counsel's first objection.

Next, Counsel objects to the Magistrate Judge's determination, using the lodestar method in this contingency fee case, that his requested fee would result in a windfall and would be unreasonable in this case. See Objection at 2-4. Citing primarily non-binding authority, Counsel argues that he is entitled to his requested fee because his expertise led to Plaintiff's award of past-due benefits, and argues that although counsel's "memorandum may have been succinct . . . it got the job done." Id. at 5. He relies on Jeter v. Astrue, 622 F.3d 371 (5th Cir. 2010), for the proposition that he should not be "punished for

---

[3]     The Court is not bound to apply this rate in future cases and examines the reasonableness of requested fees on a case-by-case basis.

accomplishing an arduous task in a shorter span of time than the less-experienced." See Objections at 4 (citing Jeter, 622 F.3d at 380-81). However, Jeter does not support Counsel's position. In Jeter, the 5th Circuit affirmed a district court's downward departure from a requested contingency fee of $14,734.74 resulting in an effective hourly rate of $846.88 per hour,[4] to an award of $3,993.75, after subtracting EAJA fees, reflecting an hourly rate of $312.50 ($125.00 per hour with a contingency multiplier of 2.5). See Jeter 622 F.3d at 381, n.11. The court in Jeter explained that Gisbrecht v. Barnhart, 535 U.S. 789 (2002), one of the cases upon which Counsel relies, precludes only exclusive reliance on the lodestar method in contingent fee Social Security cases to determine a reasonable § 406(b) fee; however, the Court may utilize the lodestar method in consideration with other factors in determining whether the requested fee results in a windfall to the attorney. See id. at 374, 379-80. After reviewing the cited authority, the Court finds that the Magistrate Judge did not rely exclusively on the lodestar method in determining that Counsel's requested fee was unreasonable, and agrees with the findings and conclusions in the Report in this regard. As a result, the Court will overrule Counsel's second objection.

Finally, Counsel objects to the recommendation that the award of $6,000 in § 406(a) administrative fees be subtracted from his § 406(b) fee award for work done in this Court. See Objections at 6; Report at 6. This objection is well founded.

---

[4]      This rate is less than the effective $875.00 hourly rate counsel stands to receive based upon the Magistrate Judge's recommendation. It also is considerably greater than the hourly rates of $600.00 and $650.00 per hour that counsel charged his non-contingency clients in 2008 and 2009, respectively, the years he represented Plaintiff before this Court. See Doc. 34, Plaintiff's Reply to Defendant's Response to Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b)(1) at 1. The Court is of the opinion that an effective rate of $875.00 per hour sufficiently accounts for the contingency nature of Counsel's representation of Plaintiff in this case.

-6-

Fees under § 406(a) and fees under § 406(b) are viewed "discretely:  § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." Gisbrecht, 535 U.S. at 794.  It is appropriate to subtract § 406(a) fees from § 406(b) fees only when the aggregate of the two fees exceeds twenty-five percent of Plaintiff's award of past-due benefits. See Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970)(finding that 42 U.S.C. § 406 prevents "the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant");[5] White v. Comm'r. of Soc. Sec., No. 6:09-cv-1208, 2012 WL 1900562 at *4 (M.D. Fla. May 2, 2012) ("[P]ursuant to Dawson, the aggregate of 406(a) and 406(b) fees charged against a claimant's total past-due benefits awarded may not exceed the twenty-five percent cap."). Here, counsel's § 406(a) award of $6,000, together with the recommended § 406(b) award of $13,037.50, amount to a total of $19,037.50, which is below the twenty-five percent statutory cap in this case of $23,577.75.  The Court finds no authority which would require reducing a § 406(b) award by the amount of the § 406(a) award when the combined amount does not reach the statutory cap.  Therefore, the Court will sustain counsel's objection on this third ground.

---

[5] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209-11 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the law of the former Fifth Circuit.

### V.    Conclusion

For the reasons stated herein, counsel's objections will be sustained in part, and overruled in part.  As a result, the Court will adopt in part, and reject in part, the Report and grant in part, and deny in part, the Motion.   Accordingly, it is hereby

**ORDERED:**

1.      Plaintiff's Objections (Dkt. No. 37)  to the Magistrate Judge's Report (Dkt. No. 36), are **SUSTAINED in part**, and **OVERRULED in part** as discussed herein.

2.      The Magistrate Judge's Report and Recommendation (Dkt. No. 36) is **ADOPTED** in part, and rejected in part.

3.      The Motion for Approval of Undersigned Counsel's Contingency Fee Contract With Plaintiff Bryan (Dkt. No. 31) is **GRANTED in part** to the extent that the Commissioner shall pay Plaintiff's counsel, N. Albert Bacharach, Jr., Esquire, the amount of $10,573.14 out of the amount of Plaintiff's past due benefits held in escrow, which represents the 406(b) fee award of $13,037.50 less $2,464.36 in EAJA fees previously awarded.[6]

4.      In all other respects, the Motion (Dkt. No. 31) is **DENIED**.

---

[6]      Instead of requiring Plaintiff's counsel to refund the EAJA fee, the Court opts to award him the difference between his § 406(b) award and the amount of the EAJA fee.  See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1273-74 (11th Cir. 2010).

5.      The Commissioner shall refund any remaining escrow funds to Plaintiff.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of December, 2014.

_Marcia Morales Howard_
**MARCIA MORALES HOWARD**
United States District Judge

jae

Copies to:

The Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of Record